JAMES E. BAYLESS AND JUDIE S. BAYLESS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Bayless v. Commissioner
Docket Nos. 15619-84, 19143-84, 19155-84, 19930-84, 20410-84, 20686-84, 25408-84, 31460-84, 35241-84, 35647-84.
United States Tax Court
T.C. Memo 1986-113; 1986 Tax Ct. Memo LEXIS 490; 51 T.C.M. (CCH) 669; T.C.M. (RIA) 86113; March 24, 1986. Donald Wolfson and Thomas Paris, for the petitioners. Steven M. Walk, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: These consolidated cases are before this Court on the parties' cross-motions for summary judgment pursuant to Rule 121. [2] There are no genuine issues of material fact and summary judgment is appropriate. In these consolidated cases, the Commissioner determined the following deficiencies in petitioners' Federal income taxes: Docket No.
Petitioner
Taxable Year
Deficiency
15619-84
Bayless
1980
$2,499.07
19143-84
Lague
1980
1,760.00
19155-84
Kudish
1980
2,124.00
19930-84
Oler
1980
3,256.00
20410-84
Falligant
1980
2,717.29
20686-84
Sharrock
1980
3,939.00
25408-84
Tupper
1980
2,603.47
31460-84
Chapman
1981
3,126.80
35241-84
Echerd
1980
3,470.76
35647-84
Banta
1980
3,689.26
*491 The sole issue for decision is whether petitioners are entitled to a residential energy credit for geothermal renewable energy source property installed in their homes in 1980 or 1981. The facts of these cases have been fully stipulated pursuant to Rule 122 and are so found. At the time their petitions were filed, petitioners resided at the locations indicated below: Docket No.
Petitioner
Residence
15619-84
Bayless
Chagrin Falls, Ohio
19143-84
Lague
Auburn, New Hampshire
19155-84
Kudish
Cheshire, Connecticut
19930-84
Oler
Wynnewood, Pennyslvania
20410-84
Falligant
Denver, Colorado
(Francis)
Falligant
Dayton, Ohio
(Elizabeth)
20686-84
Sharrock
Rossville, Georgia
25408-84
Tupper
Lincoln, Nebraska
31460-84
Chapman
Canal Fulton, Ohio
35241-84
Echerd
Greensboro, North Carolina
35647-84
Banta
Attica, Indiana
Each petitioner purchased and installed a Thermal Energy Transfer Corporation (TETCO) "Geothermal Ground-Water Heat Extractor" or other similar equipment in his principal residence, located in the United States, during the taxable year at issue in each case. The cost of the equipment and its installation was reported *492 by each petitioner as geothermal renewable energy source costs on his tax return. Each petitioner was the original user of the equipment and installed the equipment for the principal purpose of heating and/or cooling his dwelling. The equipment was designed to extract heat from, or dispel heat to, well water. The equipment could reasonably be expected to remain in operation for at least five years. The temperature of the well water used by the equipment varied between 10 and 21.1 degrees Celsius, depending on the geographic location of the well. The temperature for each well remained relatively constant throughout the year. In general, section 44C [3] allows an income tax credit of 40% of the amount of renewable energy source expenditures made by an individual during the taxable year. The only issue in these cases is the validity of the temperature limitation of section 1.44C-2(h), Income Tax Regs. This section of respondent's regulations defines "geothermal deposit" for purposes of section 44C(c)(5)(A)(i) as a geothermal reservoir having a temperature exceeding 50 degrees Celsius as measured at the wellhead. Section 1.44C-2(h), Income Tax Regs. Petitioners' equipment would qualify *493 for the section 44C credit but for this temperature limitation of the regulations. *494 The validity of this regulation was recently considered and upheld by this Court in Peach v. Commissioner,84 T.C. 1312 (1985), on facts indistinguishable from those in the present cases. [4] The Court in Peach held that the requirement of a minimum temperature for geothermal deposits of 50 degrees Celsius was neither unreasonable nor arbitrary. 84 T.C. at 1317. Petitioners concede that their cases are controlled by Peach but ask us to overrule that case because the Court in Peach did not have before it certain scientific evidence presented in these cases in an affidavit of Dr. John M. Sharp, Professor and Associate Chairman of the Department of Geological Sciences at the University of Texas. In Dr. Sharp's opinion, scientifically there is no natural lower temperature boundary for geothermal deposits. Further, Dr. Sharp states that the heat content of all groundwater below a given depth is derived almost entirely from the earth's internal energy and is, therefore, by definition stored geothermal energy. *495 On this basis petitioners argue that the lower limit for geothermal deposits of 50 degrees Celsius imposed under respondent's regulations is contrary to sound scientific opinion and arbitrary. We do not doubt the accuracy of Dr. Sharp's scientific observations, but they are theoretical. Respondent's regulations, by contrast, are designed not to implement the theoretically correct answer but to apply the statute to effect Congress' intent in a reasonable manner. The legislative history of the provision fails to support petitioners' conclusion that respondents' regulations are unreasonable and arbitrary. The temperature limitation appears to be designed to eliminate equipment that uses standard technologies from qualifying for the credit. S. Rept. No. 95-529, 40 (1977), 1978-3 C.B. (Vol. 2) at 232. Petitioners' equipment, which is a type of heat pump, is just such equipment. We decline to overrule Peach, and therefore we hold that petitioners' equipment does not qualify for the residential energy credit provided by section 44C since the temperature of each geothermal deposit utilized by petitioners' equipment is less than 50 degrees Celsius. [5]
*496 Petitioners aruge in the alternative that their equipment qualifies under section 44C as solar energy property. Respondent's regulations, however, specifically exclude property which uses heated underground water as an energy source from the definition of solar energy property. Section 1.44C-2(f)(1), Income Tax Regs. As Dr. Sharp stated in his affidavit, "The only way in which groundwater heat content could be said to derive from solar energy is where there is such extremely rapid downwards flow of ground water that there the thermal gradient is zero." Petitioners' claim that their equipment qualifies as solar energy property is without merit. To reflect certain concessions, Decision will be entered under Rule 155 in docket No. 35241-84 and docket No. 20410-84.
Decision will be entered for the respondent in all other dockets.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Normand M. Lague and Paulette P. Lague, docket No. 19143-84; Frederic M. Kudish and Lynn Kudish, Docket No. 19155-84; Norman Oler and Jacqueline Oler, docket No. 19930-84; Francis B. Falligant, Jr. and Elizabeth Falligant, docket No. 20410-84; Roy B. Sharrock and Ruth B. Sharrock, docket No. 20686-84; J. Kent Tupper and Joy S. Tupper, docket No. 25408-84; George L. Chapman and Genelea Chapman, docket No. 31460-84; Robert J. Echerd and Betty J. Echerd, docket No. 35241-84; and David L. Banta and Sandra L. Banta, docket No. 35647-84.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. Section 44C, provided: SEC. 44C. RESIDENTIAL ENERGY CREDIT. (a) General Rule.--In the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the sum of-- (1) the qualified energy conservation expenditures, plus (2) the qualified renewable energy source expenditures. (b) Qualified Expenditures.--For purposes of subsection (a)-- * * * (2) Renewable Energy Source.--In the case of any dwelling unit, the qualified renewable energy source expenditures are 40 percent of so much of the renewable energy source expenditures made by the taxpayer during the taxable year with respect to such unit as does not exceed $10,000. * * * (c) Definitions and Special Rules.--For purposes of this section--* * * (5) Renewable Energy Source Property.--The term "renewable energy source property" means property-- (A) which, when installed in connection with a dwelling, transmits or uses-- (i) solar energy, energy derived from the geothermal deposits (as defined in section 613(e)(3)), or any other form of renewable energy which the Secretary specifies by regulations, for the purpose of heating or cooling such dwelling or providing hot water or electricity for use within such dwelling, or (ii) wind energy for nonbusiness residential purposes, (B) the original use of which begins with the taxpayer, (C) which can reasonably be expected to remain in operation for at least 5 years, and (D) which meets the performance and quality standards (if any) which-- (i) have been prescribed by the Secretary by regulations, and (ii) are in effect at the time of the acquisition of the property. (6) Regulations.-- (A) Criteria; Certification Procedures.-- The Secretary shall by regulations-- (i) establish the criteria which are to be used in (I) prescribing performance and quality standards under paragraphs (3), (4), and (5), or (II) specifying any item under paragraph (4)(A)(viii) or any form of renewable energy source property. * * *↩
4. See also, Reddy v. Commissioner,T.C. Memo. 1984-395↩, affd. by Court Order No. 85-1074 (4th Cir. August 29, 1985).
5. See also Chiple v. Commissioner,T.C. Memo. 1986-114↩.